JOHN M. JOHNSON,
        **Plaintiff,**

    v.                              Case No. 14-CV-1616

**RON D. CRAMER,
CORRECTIONAL HEALTHCARE COMPANIES, INC., and
MENDOTA MENTAL HEALTH CENTER,**
        **Defendants,**

## DECISION AND ORDER

Plaintiff, John M. Johnson, was a state prisoner when he filed his pro se complaint under 42 U.S.C. § 1983, regarding the medical care he received at the Eau Claire County Jail (the "Jail"). This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion to appoint counsel and for screening of plaintiff's complaint and amended complaint.

### I. Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Plaintiff has been assessed and paid an initial partial filing fee of $9.41. I will grant his motion for leave to proceed in forma pauperis.

### II. Screening

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

2

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff filed his original complaint on December 30, 2014, along with his motion for leave to proceed in forma pauperis. On February 6, 2015, before he paid his initial partial filing fee, plaintiff filed an amended complaint. I will screen plaintiff's amended complaint, which supersedes his original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

**A.    Mendota Mental Health Center**

On February 5, 2013, the Mendota Mental Health Center released plaintiff to Eau Claire County Sheriff's deputies. Plaintiff believes he was released "without just cause and without proper and adequate treatment of [his] mental health needs." (ECF No. 10, p. 1). However, the Mendota Mental Health Center is a psychiatric hospital run by the Wisconsin Department of Health Services and the Wisconsin Department of Corrections. Like states, "[s]tate agencies are not 'persons' for purposes of the Civil Rights Act." Toledo, Peoria & Wester R. Co. v. State of Ill. Dept. of Transp., 744 F.2d 1296, 1298 (7th Cir. 1984); Will. v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). I will dismiss this defendant.

**B.    Eau Claire County Jail**

Plaintiff was incarcerated at the Eau Claire County Jail from February 5, 2013, until July 14, 2013. During that time, plaintiff asserts that he was subjected to reckless and

3

inadequate medical care by both Jail staff and employees of Correctional Healthcare Companies, Inc., the Jail's medical provider. Defendant Ron D. Cramer is the Eau Claire County Sheriff. In his amended complaint, plaintiff describes a number of examples of inadequate medical care he received.

First, upon arrival at the Jail, plaintiff informed the nurse that he had gout, the nurse responded, "I know what gout is." (ECF No. 10, p. 2.). Nevertheless, plaintiff received no medication for his gout and suffered two full blown flare-ups.

Second, plaintiff suffered a hernia from strain and stress of his gout flare-ups. The Jail refused to let plaintiff get the hernia repaired because he did not have insurance. The doctor who worked for Correctional Healthcare refused to approve a hernia repair, even though the hernia kept getting bigger and plaintiff "was constantly pushing [his] intestines in." Id.

Third, plaintiff was not allowed psychotropic medication that had been prescribed by a doctor for plaintiff's severe anxiety and depression, and Correctional Healthcare often mishandled his medications.

Fourth, plaintiff was the victim of two assaults and batteries and his resulting injuries were ignored by Jail staff and medical staff.

Fifth, plaintiff's requests to see the mental health nurse were often ignored or delayed for weeks.

Finally, plaintiff also suffered chronic dental decay, bursitis, and a condition described by medical staff as "cardio." All of these conditions were ignored by Jail staff and medical staff despite plaintiff's numerous complaints and requests for treatment.

4

Plaintiff's legal theory is that Cramer approves of Correctional Healthcare as the Jail's medical provider, even though they provide reckless and inadequate medical care. Plaintiff submits that Cramer and Correctional Healthcare violated his Eighth Amendment rights, and he seeks monetary damages.

**C.    Analysis**

To state an Eighth Amendment claim based on deficient medical care, plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)). A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 [7th Cir. 2005]).

Plaintiff's claims regarding the medical treatment he received at the Jail implicate his Eighth Amendment rights. However, plaintiff has named no individuals who were personally involved in his medical care. 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996), quoting the "long-settled" rule stated in Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994). If plaintiff wishes, he may file a motion to amend his complaint to state claims against individuals personally involved in his medical care. Any such amended complaint will supersede the prior complaint and must be

5

complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Additionally, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates.") "The 'should have known' theory . . . is both legally deficient and inconsistent with the demands of effective administration." Id. For these reasons, plaintiff may not proceed on an Eighth Amendment claim against Ron Cramer in his individual capacity.

However, a plaintiff may sue a government entity under §1983 ". . . when the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Monell v. City of New York Dep't of Social Serv's., 436 U.S. 658, 694 (1978). There must be a "direct causal link" between the alleged unconstitutional deprivation and the municipal policy or custom at issue. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Further, a government entity is liable under §1983 "only where the [government entity] itself causes the constitutional violation at issue." Id. at 386, citing Monell, 436 U.S. 658 at 695-95.

In his complaint, plaintiff implies that Cramer allows Correctional Healthcare to continue as the Jail's medical provider even though they provide reckless and inadequate medical care. Plaintiff may proceed on a Monell claim against Cramer in his official capacity that the decision to continue with Correctional Healthcare as the Jail's medical provider, with knowledge of the reckless and inadequate medical care its employees provided, resulted in plaintiff's Eighth Amendment rights being violated. A claim against

6

Cramer in his official capacity as Eau Claire County Sheriff is the same as a claim against Eau Claire County itself. Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008).

The other defendant plaintiff named is the corporation that provides the medical care at the Jail. Like a county, "a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." Shields v. Ill. Dep't. Of Corr., 746 F.3d 782, 789 (7th Cir. 2014). Unlike plaintiff's claim against Cramer in his official capacity, though, plaintiff points to no policy or custom of Correctional Healthcare that resulted in the inadequate medical treatment he received. He says only that Correctional Healthcare provided reckless and inadequate healthcare, but it was not the company that provided the healthcare; it was the company's employees. Respondeat superior liability does not apply to private corporations under § 1983. Id. Plaintiff may be able to state § 1983 claims against the individual medical providers, but he did not name those individuals as defendants in his amended complaint or describe how they participated in his medical care. See id. at 789-90.

### III. Plaintiff's Motion for the Appointment of Counsel

Plaintiff filed a motion asking the court to appoint counsel to represent him in this case. He argues that he is unable to afford counsel and that he has written to several lawyers asking them to represent him, to no avail. He also asserts that the issues involved in this case are numerous and complex, that he has limited knowledge of the law, that fairness requires him to have a lawyer because defendants will be represented. Plaintiff further asserts that this case will require depositions of a number of witnesses and medical issues that will require expert testimony.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If plaintiff makes a reasonable attempt to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has not provided information regarding his attempts to secure counsel on his own, either names and addresses, copies of the letters sent, or copies of letters he received back declining representation. Thus, despite his assertion in his motion that he has requested that several lawyers represent him, he has not satisfied the threshold requirement.

Even if he had, plaintiff's amended complaint clearly described the circumstances underlying his claims, and he has been able to communicate clearly with the court. I therefore conclude that he is competent to conduct discovery once defendants file their answer and to respond to any motion for summary judgment defendants may file.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #9) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants Correctional Healthcare Companies, Inc. and Mendota Mental Health Center - Hospital are **DISMISSED** as parties to this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendant Ron Cramer pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendant Ron Cramer shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $340.59 balance of the filing fee. Payments should be forwarded to the Clerk of the Court and shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

9

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge