# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN M. JOHNSON,
      Plaintiff,

v.                                                   Case No. 14-CV-1616

RON D. CRAMER,
      Defendant,

## DECISION AND ORDER

On December 28, 2015, plaintiff filed a motion asking for default judgment because plaintiff had not received discovery responses from defendant Ron Cramer. He asserts that a lack of discovery responses hindered his ability to file a motion for summary judgment.

In response, Cramer argues that plaintiff filed the discovery requests in question with the court shortly after he filed his complaint, long before Cramer was served or filed his answer. Plaintiff never served Cramer with discovery requests in this case. Once plaintiff filed his motion, Cramer's attorney contacted plaintiff to discuss the supposedly outstanding discovery responses. Cramer also responded to plaintiff's discovery requests on January 19, 2016, even though he was never served with them.

Plaintiff's motion was really a motion to compel, not a motion for default judgment. And, to the extent I construe it as a motion to compel, plaintiff failed to meet and confer with Cramer's counsel before filing his motion. Both Federal Rule of Civil Procedure 37 and Civil Local Rule 37 require a certification that a party has in good faith conferred or attempted to confer with the opposing party before the party may bring a motion to compel. Plaintiff made no such certification (and no such attempt to confer with Cramer's counsel).

More importantly, though, Cramer had no duty to respond to plaintiff's discovery requests. They were filed with the court long before Cramer was served and answered, and plaintiff never served those discovery requests (or any other) on Cramer. Despite that, Cramer did contact plaintiff and respond to the discovery requests after plaintiff filed his motion. I will deny plaintiff's motion.

I will, however, set a new deadline for plaintiff to file a motion for summary judgment, which will also serve as plaintiff's deadline for filing his response to Cramer's motion for summary judgment, which was filed on January 21, 2016, as prescribed by the Scheduling Order I entered on August 19, 2015. If plaintiff files a motion for summary judgment, Cramer may file his reply brief or materials at the same time his response to plaintiff's motion for summary judgment would be due (30 days afer service versus the normal 21 days for a reply).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for default judgment (Docket # 30) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file a motion for summary judgment on or before **Monday, February 29, 2016**. Plaintiff also must respond to Cramer's motion for summary judgment by that date.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge